IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

R.K.W., A MINOR, BY AND THROUGH
HER NEXT FRIEND, TIFFANY NGO,

  Plaintiff,

v.                                                                        Case No. 3:24-cv-00077-REP

WASHINGTON COUNTY, VA SHERIFF
BLAKE ANDIS, IN HIS OFFICIAL AND
PERSONAL CAPACITIES, AND
WASHINGTON COUNTY, VA SHERIFF'S
OFFICE, AND WASHINGTON COUNTY,
VA DETECTIVE WILLIAM SMARR, IN
HIS OFFICIAL AND PERSONAL
CAPACITIES, AND MICHAEL CAREY,
ADMINISTRATOR OF THE ESTATE OF
AUSTIN LEE EDWARDS, DECEASED,

  Defendants.

## BRIEF IN SUPPORT OF DETECTIVE SMARR'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Because this case lacks any substantial connection to the Eastern District of Virginia, and because it would best serve the convenience of the parties and the interests of justice, Detective William Smarr ("Detective Smarr"), by counsel, respectfully moves pursuant to 28 U.S.C. § 1404(a) that this action be transferred to the Abingdon Division of the Western District of Virginia for the reasons outlined below.

### FACTS

Plaintiff is a minor whose current state of residence is unknown, but who—in November 2022—resided in Riverside, California. ECF No. 1 ¶¶ 1, 11. Plaintiff sues through her "next friend," whose relationship to Plaintiff is unspecified, but who allegedly resides in Richmond, Virginia. *Id.* ¶ 1.

1

Detective Smarr is a law enforcement officer who resides and works in the Abingdon Division of the Western District of Virginia. *Id.*¶ 4. Co-defendants Sheriff Blake Andis and the Washington County Sheriff's Office ("WCSO") are also residents of the Abingdon Division. *Id.* ¶¶ 2, 3. Defendant Michael Carey is alleged to have qualified as the administrator of the estate of Austin Lee Edwards in the Circuit Court of the City of Richmond. *Id.* ¶ 5. Edwards, however, did not have ties to the City of Richmond, as he lived in Chesterfield County and worked in Henrico County as a Virginia State Trooper. Moreover, Edwards had permanently relocated to Smyth County, which is located in the Abingdon Division, no later than November 16, 2022. *Id.* ¶ 17.

Plaintiff alleges that prior to moving to the Western District of Virginia, Edwards communicated with her while he was still living and working in the Eastern District. *Id.* ¶¶ 10-16. These alleged communications between Plaintiff and Edwards are the only connection Plaintiff identifies between this action and the Richmond Division of the Eastern District of Virginia.

All other actions taken by any Defendant in this case are alleged to have occurred either in the Abingdon Division or in California. Specifically, Plaintiff alleges that Detective Smarr conducted a background check regarding Edwards prior to his hiring by WCSO. *Id.* ¶¶ 17-31. Plaintiff further alleges that WCSO provided Edwards with a badge and "service revolver." *Id.* ¶ 31. And Edwards left from his home in the Abingdon Division and traveled to California to commit his crimes. *Id.* ¶ 33.

## LEGAL STANDARD

Under 28 U.S.C. 1404(a), courts have significant discretion to decide transfer motions "according to an 'individualized, case-by-case consideration of convenience and fairness."

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Because the initial choice of forum is a privilege given to the plaintiff, the movant bears the burden of showing that transfer is proper. *See, e.g., Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 697 (E.D. Va. 2000). However, when a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to substantial weight. *Id.* (internal quotation and citation omitted).

## ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In order to resolve motions under § 1404(a), courts must answer two questions: "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 630 (E.D. Va. 2003); *see also Glob. Touch Sols., LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 889 (E.D. Va. 2015).

**I.  Plaintiff could have filed this action in the Western District of Virginia, Abingdon Division.**

To satisfy the first question under 28 U.S.C. § 1404(a), "a movant must establish that both venue and jurisdiction with respect to each defendant is proper in the transferee district." *Koh*, 250 F. Supp. 2d at 630. This action could have been filed in the Abingdon Division of the Western District of Virginia. The venue statute provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

3

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

28 U.S.C. § 1391(b). As outlined above, all Defendants are residents of Virginia. In fact, but for the qualification of an administrator of Edwards's estate in the City of Richmond, rather than Edwards's last domicile of Smyth County, no Defendant would have any connection to the Eastern District of Virginia at all. The Abingdon Division, therefore, meets the standards laid out in 28 U.S.C. § 1391(b)(1) as an appropriate venue.

The Abingdon Division also meets the qualifications for venue under 28 U.S.C. § 1391(b)(2). All of the relevant actions and events in this case—other than alleged online communications by Edwards prior to his relocation to the Western District of Virginia—occurred in the Abingdon Division. The Abingdon Division is, therefore, an appropriate venue pursuant to 28 U.S.C. § 1391(b)(2).

## II. The interests of justice require that this action be transferred to the Western District of Virginia, Abingdon Division.

If the proposed transferee forum is proper, the Court must address four factors: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice. *See Trs. of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).

The "interest of justice" is aimed at systemic integrity and fairness. *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006).

> Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments. Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law.

4

*Id.* (citation omitted). Systematic integrity "must also . . . take account of a party's attempt to game the federal courts through forum manipulation." *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005). "[T]he interest of justice may be decisive in ruling on a transfer motion even though the convenience of the parties and witnesses point in a different direction." *Id.* at 716.

In this case, all four factors governing the Court's analysis point to the Abingdon Division as the appropriate venue. Although it is true that "a plaintiff's choice of venue is entitled to substantial weight," *Plumbers & Pipefitters*, 791 F.3d at 444, that choice is afforded less weight in the analysis if the chosen venue is not the plaintiff's home forum, or if "the nucleus of operative facts" is not in that forum. *Samsung Elecs.*, 386 F. Supp. 2d at 716. Here, Plaintiff apparently remains domiciled in California. The "next friend" through whom she proceeds allegedly lives in the Richmond Division, but that next friend provides so few details about the nature of her relationship with Plaintiff that she does not establish standing to proceed as a "next friend." *See Sirleaf v. Mikeljohn*, No. 3:18-cv-562-REP, 2019 WL 2251705, at *2 (E.D. Va. May 24, 2019) (quoting *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002)). The "nucleus of operative facts" is similarly heavily weighted to the Abingdon Division. Detective Smarr conducted his background check there. The WCSO made its hiring decision there and brought Edwards on as an employee. And the electronic messages Edwards allegedly sent while physically present in the Eastern District have no bearing on the conduct of Detective Smarr or the WCSO that is—allegedly—at the heart of this case.

For the same reasons, the convenience of the witnesses and parties would be best served by transferring this case to Abingdon. As a resident of California, whether the case proceeds in the Eastern or Western District of Virginia has little impact on Plaintiff. But the 4.5 hour travel

difference between Abingdon and Richmond is profoundly impactful for the Defendants, including Detective Smarr. Moreover, the physical distance of more than 300 miles between these court houses is beyond the distance for compulsory attendance at a trial for some potential witnesses. Fed. R. Civ. P. 45(c)(1)(A) and (B). Undersigned counsel is further unaware of any potential evidence or witnesses who are located in the Eastern District of Virginia.

Finally, this case should be transferred to the Abingdon Division of the Western District in the interests of justice. This case, involving alleged actions by local elected and appointed officials, should be decided by the citizens most affected by their actions. *Info. Servs., Byerson*, 467 F. Supp. 2d at 635 (recognizing the "interest in having local controversies decided at home" and the "unfairness in burdening forum citizens [who lack a connection to the case] with jury duty"). A transfer to the Abingdon Division would further protect the systemic integrity of the Court, where the connection of both Plaintiff's "next friend" and the administrator of Edwards's estate to their principals is, at best, unclear. As explained above, Ngo does not explain her connection to Plaintiff or this action, and the administrator of Edwards's estate qualified in the City of Richmond despite the absence of any connection between Edwards and that jurisdiction.

## CONCLUSION

For all of the foregoing reasons, Detective William Smarr, by counsel, respectfully requests that this Court grant his Motion and transfer this case to the United States District Court for the Western District of Virginia, Abingdon Division.

                        **DETECTIVE WILLIAM SMARR**

                        By Counsel

/s/ _____
Leslie A. Winneberger (VSB No. 45040)
Blaire H. O'Brien (VSB No. 83961)
Counsel for Detective William Smarr
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
lwinneberger@hccw.com
bobrien@hccw.com

**C E R T I F I C A T E**

        I hereby certify that on the 2nd day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

        Scott M. Perry, Esq. (VSB No. 67417)
        Nicholas J.N. Stamatis, Esq. (VSB No. 95423)
        Breit Biniazan, P.C.
        1010 North Glebe Road, Suite 310
        Arlington, VA 22201
        scott@bbtrial.com
        nick@bbtrial.com

        Nathan H. Schnetzler, Esq.
        Frith Anderson + Peake PC
        P.O. Box 1240
        Roanoke, VA 24006-1240
        nschnetzler@faplawfirm.com

/s/
Leslie A. Winneberger (VSB No. 45040)
Blaire H. O'Brien (VSB No. 83961)
Detective William Smarr
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
lwinneberger@hccw.com
bobrien@hccw.com